IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEVIN L. MUNDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 06-2268-KHV |
| v. ) | |
| ) | |
| INDIAN HILLS COUNTRY CLUB and ) | |
| DEBORAH D. GUESS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On March 15, 2007, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a hearing to address the seven pending motions in this case **(docs. 40, 72, 74, 76, 80, 86, and 88)**. The plaintiff, Devin L. Mundy, appeared through counsel, Lawrence D. Flick. Defendant Indian Hills Country Club ("Indian Hills") appeared through counsel, Peter T. Maharry and E. Dudley Smith.[1] Defendant Deborah D. Guess appeared through counsel, Michael C. Kirkham.

This is a relatively serious personal injury case which arises from an automobile/bicycle collision. Plaintiff, the party on the bicycle, contends that Ms. Guess, the driver of the automobile, was negligent or acted in a reckless or wanton manner. Plaintiff also has sued Ms. Guess' employer, Indian Hills, under the theory of respondeat superior and

---

[1] Although Mr. Smith served as lead counsel for Indian Hills during the hearing, he is not actually of record in this case. As discussed during the hearing, Mr. Smith shall file an entry of appearance by **March 16, 2007**.

for failure to exercise reasonable care in the hiring, retention, and supervision of Ms. Guess.

**Motions to Amend**.  During the hearing, after some inquiry by the court, the parties essentially stipulated that Indian Hills' motion to amend its answer **(doc. 76)**, Indian Hills' supplemental motion to amend its answer **(doc. 86)**, and plaintiff's motion amend his complaint **(doc. 88)** all should be granted.  Accordingly, as directed during the hearing, plaintiff shall file his second amended complaint, as set forth in Exhibit A to his motion to amend (doc. 88), by **March 16, 2007**.  Indian Hills shall file an answer to that amended complaint, consistent with what is set forth in Exhibit A to the memorandum in support of Indian Hills' supplemental motion to amend (doc. 87), by **March 19, 2007**.

**Motions Regarding Independent Medical Examinations**.  The court has reviewed Indian Hills' motion to compel an independent medical examination **(doc. 74)**, and Indian Hills' corresponding motion for an extension of time to complete the examination and designate experts **(doc. 80)**, as well as the parties' related briefing (docs. 75, 81, 90, and 91).  The court also heard oral argument on these motions.  For the reasons articulated by the court during the hearing, and summarized below, both of the above-referenced motions are well-taken and are granted.

Indian Hills seeks to compel plaintiff to submit to an independent medical examination by Phillip Baker, M.D., an orthopedic surgeon.  The pleadings on file reflect that, as a result of the subject occurrence, plaintiff broke his leg and clavicle.

On February 13, 2007, Indian Hills set its requested examination for February 20, 2007 at 1:30 p.m. at Dr. Baker's office in Topeka, Kansas.  Plaintiff thus far has refused to

submit to the examination on that date. Plaintiff argues that Indian Hills' motion to compel the examination is untimely, that Indian Hills did not fully confer with plaintiff prior to filing the motion, and that Dr. Baker's opinions are impermissibly aligned with the defense bar.

Fed. R. Civ. P. 35(a) provides:

> [w]hen the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The court notes this issue could have been handled in a more timely manner by Indian Hills with respect to who was to conduct the examination, where it was to be conducted, and it parameters. Specifically, this should have been discussed well in advance of the February 21, 2007 scheduling order deadline for conducting independent medical examinations in case of dispute. Plaintiff takes issue with Indian Hills' decision to set the examination only after the unsuccessful February 7, 2007 mediation session. The court could (and indeed, perhaps should) find fault with Indian Hills' decision to wait until after mediation to provide notice of the examination. Despite the timing issues, the court finds, given the facts presented in this personal injury case, an independent medical examination clearly should be allowed, especially since plaintiff has chosen to use an out-of-town retained medical expert in addition

to his various treating physicians.[2]

As to plaintiff's challenge to Dr. Baker's credentials and whether his examination will actually be independent, the court finds this is the type of inquiry to be explored on cross-examination. Plaintiff has provided *no* evidence that Dr. Baker is not medically competent. Plaintiff has also not provided any evidence the examination would be beyond the scope of this case. Indian Hills' motion to compel such an examination is therefore granted.

As the February 20, 2007 date for the examination with Dr. Baker already has passed, Indian Hills seeks an extension of the deadline to conduct the examination and produce Dr. Baker's expert report. In light of the court's above-stated ruling, plaintiff agrees this extension is necessary, but asks that Indian Hills not be allowed an open-ended extension to designate experts in addition to Dr. Baker. Plaintiff's position is well-taken.

The deadline to complete Dr. Baker's medical examination is hereby extended to **April 6, 2007**. Plaintiff shall make himself available for this examination on at least one of four dates to be provided by the defense. Indian Hills shall produce Dr. Baker's expert report by **April 13, 2007**. Accordingly, plaintiff may have until **April 27, 2007** to designate an expert to rebut Dr. Baker's testimony.

During the hearing, in a related vein, plaintiff also requested an extension of his existing March 30, 2007 deadline to disclose experts to rebut the testimony of other defense experts disclosed on February 28, 2007 besides Dr. Baker. The court hereby extends that

---

[2] The court notes that in their planning meeting report, the parties *agreed* that physical or mental examinations pursuant Fed. R. Civ. P. 35 *may* be appropriate in this case.

deadline only to **April 9, 2007**. All issues as to admissibility regarding these experts, specifically including but not limited to whether they truly qualify as rebuttal experts, are reserved for ruling at trial by the presiding U.S. District Judge, Hon. Kathryn H. Vratil.

As discussed during the hearing, on the court's own motion, and without objection by any of the parties, the scheduling order is hereby amended as follows:

    a.    All discovery shall be commenced or served in time to be completed by **June 15, 2007**.

    b.    The final pretrial conference is rescheduled from May 10, 2007 to **July 20, 2007, at 9:00 a.m.**, in the U.S. Courthouse, Room 236, 500 State Avenue, Kansas City, Kansas. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. No later than **July 13, 2007**, defense counsel shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an e-mail directed to *ksd_ohara_chambers@ksd.uscourts.gov*. It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

    c.    During the conference, the parties briefly addressed plaintiff's contention that, although Ms. Guess and plaintiff are both residents of Missouri, the court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), on the stated basis that Ms. Guess is not a necessary party. Although technically a motion to dismiss for lack of subject

matter jurisdiction may be brought at any time, the parties agreed to a deadline of **April 20, 2007** for defendants to file a motion to dismiss on this issue.  If defendants do not elect to file such motion, then the parties shall file a statement by the deadline to advise the court of their view of subject matter jurisdiction in this case.

       d.       The deadline for filing all other potentially dispositive motions shall remain **June 15, 2007**.  Counsel requested during the hearing that, except for the issue mentioned above regarding subject matter jurisdiction, dispositive motions are very unlikely to be filed in the personal injury case.

       e.       Trial shall remain set for **November 6, 2007, at 9:30 a.m.**

**Plaintiff's Motion to Compel**.  The court has reviewed plaintiff's motion to compel **(doc. 40)** and the parties' related briefing (docs. 41 and 52).  The court also heard oral argument on this motion.  As explained below, this motion is granted in part and denied in part.

Request No. 36 seeks, in pertinent part, "[a]ll documents stating, listing, discussing, describing or containing statements made by any person, concerning the collision."  During the hearing, plaintiff acknowledged that his motion to compel as to this one request is moot, and therefore it is denied as such.

Request No. 3, in pertinent part, seeks "[a]ll documents contained in your insurer's claims file or otherwise produced or obtained by your insurer or any investigator or adjuster working on its behalf, in the process of handling the claim arising from the collision."  Indian Hills originally objected on the grounds that the documents sought are protected by the

attorney-client privilege and work product doctrine, the request is overbroad, and it seeks documents containing the mental impressions, opinions, conclusions, legal theories, comments, and/or appraisal of the claim by Fireman's Fund (Indian Hills' insurer), which are not discoverable under relevant caselaw. Indian Hills also provided plaintiff a privilege log, produced several hundred pages of responsive documents (Bates Nos. IHCC00067-00799), and stated that documents previously provided (Bates Nos. IHCC00001-14) were responsive.

Indian Hills later supplemented its response to Request No. 3 with detailed information as to the documents listed on the privilege log (Bates Nos. IHCC00110-12, 00125, 00164-65, and 00236-37) (*see* doc. 41, exhibit D). During the hearing, the court received copies of each of these documents and took plaintiff's motion to compel under advisement pending an *in camera* inspection. The court has completed the inspection and is now ready to rule.

Document IHCC00110-112 is a case evaluation produced during a conference involving individuals with Fireman's Fund and David Madden, formerly of defense counsel's law firm. Indian Hills argues this document is irrelevant and protected by the work product doctrine.

"'To constitute work product under Fed. R. Civ. P. 26(b)(3), the material must be documents and tangible things, prepared in anticipation of litigation or for trial, and prepared

by or for another party or for that other party's representative.'"[3]

> [A] party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.[4]

"The 'in anticipation of litigation' element of the work-product doctrine focuses upon the motivating purpose behind creating the documents."[5] To invoke the doctrine, a party must show the document was prepared principally or exclusively to assist in anticipated or ongoing litigation.[6]

During the hearing, Mr. Smith represented as an officer of the court that Fireman's Fund was communicating actively with Mr. Madden at the time this document was created. Upon that representation, plaintiff acknowledged that the document constitutes work product.

---

[3] *Audiotext Commc'ns Network, Inc., et al. v. US Telecom, Inc.*, 164 F.R.D. 250, 252 (D. Kan. 1996) (quoting *Sunbird Air Servs., Inc. v. Beech Aircraft Corp.*, No. 89-2181, 1992 WL 739505, at *5 (D. Kan. Sept. 4, 1992)).

[4] *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 703 (10th Cir. 1998) (citing Fed. R. Civ. P. 26(b)(3)).

[5] *Raytheon Aircraft Co. v. U.S. Army Corps of Eng'rs*, 183 F. Supp. 2d 1280, 1288 (D. Kan 2001) (citation omitted).

[6] *Id.*

The court agrees. Although the court does not hesitate to overrule Indian Hills' objection that the document is irrelevant, the fact remains that plaintiff has not shown a substantial need for this document or an undue hardship in obtaining equivalent material. Plaintiff's motion to compel as it relates to this document is therefore denied.

Document IHCC00125 is an internal Fireman's Fund email which is very short and fairly unremarkable. It simply comments about the degree of seriousness of the case and how that might impact on reserve and settlement values. Having reviewed this document, although the court seriously doubts it ever would be admissible at trial (even assuming plaintiff tried to use it at trial), the court is wholly unpersuaded this document constitutes work product. Thus, plaintiff's motion to compel as it relates to this document is granted.

Document IHCC00164-65 is a fairly standard form letter of sorts, from Fireman's Fund to Indian Hills, with regard to the referral of plaintiff's case to defense counsel's firm and setting forth general information and procedures for making claims under the policy. It was prepared by Ron Blecker of Fireman's Fund and sent to Darrell Poole of Indian Hills, Lockton Companies (Fireman's Fund's producing agent), and defense counsel's law firm. Indian Hills argues this letter is protected by the work product doctrine and is irrelevant. The court strongly disagrees.

Relevancy, of course, is broadly construed. Thus, at least as a general proposition, "a request for discovery should be considered relevant if there is 'any possibility' the

information sought may be relevant to the claim or defense of any party."[7] "A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[8] "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure."[9] The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[10] "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[11]

Upon review of this letter, the court finds the information contained therein is clearly relevant. Further, under the above-stated standard regarding the work product doctrine, the court is unpersuaded this type of standard form letter is subject to work product protection. Thus, plaintiff's motion to compel as it relates to this document is granted.

---

[7] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).

[8] *Id.* (citations omitted).

[9] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

[10] 8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).

[11] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

During the hearing, Indian Hills strenuously objected to the revelation of this document. Although Indian Hills did not cite any legal authority at the hearing to support its proposition, it may do so by way of a motion to reconsider pursuant to D. Kan. Rule 7.3(b). The court notes, however, the admissibility of statements contained in the letter will be decided by Judge Vratil closer to trial.

Finally, Document IHCC00236-37 is a medical summary prepared for Fireman's Fund to evaluate the medical services received by plaintiff and value the case. It is essentially a chart listing service dates, providers, types of services, and the amounts of bills. It also contains handwritten notes in the margin which briefly set forth diagnoses and plaintiff's progress. The court overrules Indian Hills' relevancy objection

Indian Hills also argues, however, this document is irrelevant and subject to work product protection. Upon review of this document and in light of the above-stated standards, the court agrees it was prepared in anticipation of litigation. Plaintiff has not shown a substantial need for this document or an undue hardship in obtaining equivalent material. Plaintiff's motion to compel as it relates to this document is therefore denied.

**Indian Hills' Motion to Compel**. The court has reviewed Indian Hills' motion to compel **(doc. 72)** and the parties' related briefing (docs. 73, 90, and 91). The court also heard oral argument on this motion.

Indian Hills seeks documents responsive to Request Nos. 9, 10, 11, and 12. Plaintiff served his responses to these requests on December 22, 2006. Indian Hills filed the instant motion on February 15, 2007.

D. Kan. Rule 37.1(b) provides:

> Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown. Otherwise the objection to the default, response, answer, or objection shall be waived.

D. Kan. Rule 37.1(b) clearly reflects the triggering event is "the default or service of the response, answer, or objection which is the subject of the motion." The judges in this district consistently – and correctly – have construed and applied the 30-day time period under D. Kan. Rule 37.1(b) as beginning when specific information first leading to a dispute is discovered.[12] Any other construction of the rule would allow a virtually indefinite extension of the deadline so long as counsel purported to continue engaging in an effort to secure the information informally from the opposing party.

Accordingly, Indian Hills' motion to compel should have been filed by January 22, 2007. While the court could deny the instant motion solely on the basis of its untimeliness, in the practical interest of freeing this case from its current logjam, the court will address the merits.

Request No. 9 seeks "[a]ll documents provided to any person expected to be called as an expert witness at the trial of this case." Request No. 10 seeks "[a]ll documents and

---

[12] *See, e.g., Geer v. Cox*, No. 01-2583, 2003 WL 21254731, at *1 - *2 (D. Kan. May 21, 2003 (Waxse, M.J.)); *Haggard v. Standard Register Co.*, No. 01-2513, 2003 WL 365955, at *2 (D. Kan. Jan. 21, 2003 (Murguia, J.)).

reports received from any person expected to be called as an expert witness at the trial of this case."

During the hearing, plaintiff agreed to produce all documents responsive to the above-described requests, except plaintiff's x-rays and a binder of material currently in the possession of one of plaintiff's expert witnesses in Pittsburgh, Pennsylvania, bills from plaintiff's experts, and checks paid by plaintiff to expert witnesses.  To the extent the parties have agreed as to the documents to be produced, Indian Hills' motion is denied as moot.

As to the documents withheld by plaintiff, the motion is granted.  The court finds *no* reason for plaintiff to withhold x-rays and materials his expert reviewed in forming his opinion.  Further, plaintiff has not given any reason to withhold the bills and checks.

Request No. 11 seeks "an employment records release authorization for each employer listed in Interrogatory Nos. 7 and 8."  Request No. 12 seeks "an educational records release authorization for each educational institution listed in Interrogatory No. 9." Plaintiff objects on the basis that Fed. R. Civ. P. 34 contains no authority to compel the execution of authorizations. During the hearing, the parties stated they would redouble their efforts to confer on this issue and reach agreement.  If they do so, they shall file a joint stipulation to that effect no later than **March 19, 2007**.  If the parties are unable to reach agreement, then by that same date, they shall file a joint supplemental brief which shall concisely set forth each party's argument with proper citation to applicable legal authority.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion to amend his complaint **(doc. 88)** is granted.

2. Indian Hills' motion to amend its answer **(doc. 76)** is granted.

3. Indian Hills' supplemental motion to amend its answer **(doc. 86)** is granted.

4. Indian Hills' motion to compel an independent medical examination **(doc. 74)** is granted.

5. Indian Hills' motion for extension of time to complete independent medical examinations and designate experts **(doc. 80)** is granted.

6. Plaintiff's motion to compel **(doc. 40)** is granted in part and denied in part. Indian Hills shall comply with this order as relates to plaintiff's motion to compel by **March 23, 2007**.

7. Indian Hills' motion to compel **(doc. 72)** is granted in part, denied in part, and partly kept under advisement. Plaintiff shall comply with this order as relates to Indian Hill's motion to compel by **March 23, 2007**.

Dated this 16th day of March, 2007, at Kansas City, Kansas.

                              s/ James P. O'Hara
                              James P. O'Hara
                              U.S. Magistrate Judge